## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **TYGRIS VENDOR FINANCE, INC.** ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **CIVIL ACTION NO. 08-637-KD-B** |
| **WOERNER PRESERVE, L.L.C.;** ) | |
| **WOERNER DISPLAYS, INC.;** ) | |
| **NORMAN WOERNER, an** ) | |
| **individual; and CATHERINE** ) | |
| **WOERNER, an individual,** ) | |
| ) | |
| **Defendants.** ) | |

## JUDGMENT

In accordance with this Court's prior order of August 12, 2010 (Doc. 67), in light of the fact that the plaintiff did not supplement the record with evidence of the reasonableness of its claim for attorneys' fees and costs of collection on or before August 20, 2010, and there being no just reason to delay the entry of final judgment[1] as to defendants Catherine Woerner and Woerner Preserve,

---

[1] The Eleventh Circuit "ha[s] interpreted the first prong of Rule 54(b) to require that a judgment disposes entirely of a separable claim or dismisses a party entirely in order to be considered final." Lloyd Nolan Foundation, Inc. v. Tenet Health Care Corp., 483 F.3d 773, 779 (11th Cir. 2007) (quoting Brandt v. Bassett (*In re* Se. Banking Corp.), 69 F.3d 1539, 1547 (11th Cir. 1995)) (internal quotation marks omitted). Because this judgment disposes of all of plaintiff's claims against Catherine Woerner and Woerner Preserve, who are jointly and severally liable with the remaining defendants, against whom these proceedings have been automatically stayed, there is no just reason to delay entry of a final judgment against Catherine Woerner and Woerner Preserve. Id.; see also B&B Assoc. v. Benton R. Fonner et al., 700 F. Supp. 7, 9-10 (S.D.N.Y. 1988) (concluding that entry of final judgment was appropriate, in part because one defendant was independently liable to the plaintiff and because "it [wa]s not clear when the bankruptcy stay as to . . . the remaining defendant [] w[ould] be lifted, [such that] refus[ing] entry of a final judgment . . . would have the effect of preventing plaintiff for an indefinite period from recovering against one defendant clearly liable to plaintiff merely because another defendant is in bankruptcy"); Peter Condakes Co., Inc. v. Sandler Bros. et al., Civ. Action No. 2:09-CV-168, 2010 WL 724028, at *1 (D.Me. Feb. 25, 2010) (finding "that all claims against all other parties in th[e] action ha[d] been resolved, but for those claims against [a defendant with respect to whom the plaintiff's claims were] subject to the automatic stay," such that there was no reason to delay entry of a final judgment with respect to the defendants against whom all claims had been resolved); Merrill Lynch Bus. Fin. Servs., Inc. v. Ruvio Optical Corp., No. 04 Civ. 5128 (NRB), 2005 WL 3434628, at *3 (S.D.N.Y.

LLC, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** that final **JUDGMENT** is entered pursuant to Federal Rule of Civil Procedure 54(b) in favor of the plaintiff and against defendants Catherine Woerner and Woerner Preserve, LLC. The amount due to Plaintiff for which defendants Catherine Woerner and Woerner Preserve, LLC are jointly and severally liable is $247,703.81, which amount represents the total of unpaid lease payments in the amount of $181,692.00; taxes in the amount of $14,535.36; late charges in the amount of $9,640.80; a documentation fee in the amount of $81.00; interest in the amount of $41,753.65; and an equipment residual interest in the amount of $1.00.

    **DONE** and **ORDERED** this the **23rd** day of **August, 2009**.

                                      /s/ Kristi K. DuBose
                                      **KRISTI K. DuBOSE**
                                      **UNITED STATES DISTRICT JUDGE**

---

Dec. 13, 2005) (finding no just reason to delay the entry of a final judgment as to all of the plaintiff's claims against certain defendants, which were not subject to the automatic stay).